IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDDIE SARDON,** | |
| **Plaintiff,** | |
| v. | Case No. 24-cv-1523-RJD |
| **RACHEL DODD, JIL MARTIN, DR. CHIN, and WEXFORD HEALTH SOURCES, INC.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Eddie Sardon, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Sardon alleges that Defendants were deliberately indifferent to his need for dental care in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent to the exercise of Magistrate Judge jurisdiction by the IDOC and Wexford Health Sources, Inc., as set forth in the Memoranda of Understanding between the Court and these two entities.

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Sardon makes the following allegations: On or about September 12, 2022, Dr. Chin placed a temporary filling in Sardon's tooth (Doc. 1, p. 7). Sardon alleges that prior to receiving the temporary filling, he complained for months of extreme headaches and pain in his mouth and face (*Id.*). At the time Sardon received the temporary feeling, he alleges his tooth was neither decaying nor infected, and it was not beyond repair (*Id.*). Dental assistant Jill Martin informed Sardon that the filling was temporary, and he would receive a permanent filling within two weeks (*Id.*).

On April 29, 2023, Sardon filed a grievance because his temporary filling was deteriorating and causing him pain (*Id.*). On May 10, 2023, Sardon was called to the healthcare unit. A sergeant gave Sardon ibuprofen and noted that Jill Martin had left for the day but instructed the sergeant to give the pain medication to Sardon (*Id.*). On May 17, 2023, Sardon again went to the healthcare unit and was informed that his temporary filling had completely deteriorated (*Id.*). The nerve was exposed and caused Sardon extreme pain. He also suffered difficulties in eating and breathing due to the tooth (*Id.*). Jill Martin informed Sardon that she did not know when Sardon would receive the permanent filling. She warned Sardon that filing more grievances on the matter would cause further delays in his care (*Id.* at p. 8). She also provided him with Motrin and an antibiotic.

On May 19, 2023, Sardon filed another grievance, noting that the pain medication was ineffective, and he needed treatment (*Id.* at p. 8). On May 31, 2023, Sardon saw Dentist Overoyen (*Id.*). Overoyen informed Sardon that his tooth was now beyond repair due to infection and that an extraction was Sardon's only option (*Id.*).

Sardon alleges that the delays in his care caused him pain, discomfort, and the loss of his tooth. The deterioration also caused permanent displacement of several teeth (*Id.* at p. 8). Sardon alleges that warden Rachel Dodd, Dr. Chin, Jill Martin, and Wexford Health Sources, Inc. were all aware of Sardon's need for dental care but persisted in a pattern or practice of providing care outside the limits of professional standards (*Id.* at p. 9).

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Eighth amendment deliberate indifference claim against Dr. Chin, Jill Martin, Rachel Dodd, and Wexford Health Sources, Inc. for failing to provide adequate dental care for Sardon's tooth.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

3

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

At this stage, Sardon states a viable claim for deliberate indifference against Dr. Chin and Jill Martin. He alleges that Dr. Chin placed Sardon's temporary filling and instructed him that he would receive a permanent filling in a short time but failed to replace the filling. He also alleges that Jill Martin failed to provide Sardon adequate care for his deteriorating tooth despite seeing Sardon on several occasions. Thus, Count 1 shall proceed against Dr. Chin and Jill Martin.

Sardon, however, fails to state a claim against Rachel Dodd. Although he alleges in conclusory fashion that the warden was aware of his serious dental need, Sardon fails to allege that he actually spoke to Dodd or that she was personally aware of his need for dental care. To the extent that Dodd may have responded to Sardon's grievances (Doc. 1, pp. 13-15), the simple denial of a grievance does not state a claim for deliberate indifference. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Nor are there any allegations to suggest that she instituted policies or practices that caused delays in his care.

Sardon also fails to state a claim against Wexford Health Sources, Inc. Wexford can only be liable if it had a policy or practice that caused the constitutional deprivation

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

alleged in the pleading. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653-4 (7th Cir. 2021); *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). But Sardon merely states in conclusory fashion that there was a pattern and practice of providing treatment outside the limits of professional standards. He fails to allege that any practice implemented by Wexford caused the delays leading to the loss of his tooth. Thus, any claim against Wexford is also **DISMISSED without prejudice**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. Chin and Jill Martin. Any potential claim against Rachel Dodd and Wexford Health Sources, Inc. is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Dr. Chin and Jill Martin: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Sardon. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Sardon, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Because Sardon's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Sardon, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Sardon is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED: July 10, 2024.**

*/s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**