IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDDIE SARDON, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 24-cv-1523-RJD |
| JILL MARTIN and QUANG TRAN, DMD, | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, formerly incarcerated within the Illinois Department of Corrections, filed this lawsuit pro se and in forma pauperis pursuant to 42 U.S.C. §1983. Doc. 1. He alleges that his Eighth Amendment rights were violated at Robinson Correctional Center ("Robinson") by Defendants' failure to provide him adequate dental care. Doc. 11. This matter comes before the Court on Defendants' Motion for Summary Judgment, to which Plaintiff responded (Doc. 53) and Defendants filed a Reply (Doc. 54).

**Material Facts in the Record**

Dr. Tran worked as a full-time dentist at Lawrence Correctional Center from December 1, 2020-January 25, 2025. Doc. 51-2, ¶3. In 2022 and 2023, Dr. Tran occasionally "picked up shifts" at Robinson and other correctional centers. *Id.*, ¶¶4-7. Inmates at Robinson were placed on waiting lists for dental services. *Id.*, ¶10. Flu outbreaks, the COVID-19 pandemic, and lockdowns delayed dental treatment at Robinson. *Id.*, ¶11. Doc. 51-1, ¶6. Dr. Tran did not schedule patients for treatment at Robinson. Doc. 51-*2*, ¶¶8, 26.

Jill Martin was a dental assistant at Robinson from May 2014-May 2023. Doc. 51-1, ¶1. She "handled administrative tasks like scheduling patients, maintain[ing] the dental clinic" and also

"supported dentists during procedures." *Id.*, ¶2. She "placed patients on waiting lists to be seen by a dentist, and patients were generally seen by a dentist in order on the waiting lists." *Id.*, ¶4.

Plaintiff's medical records reflect that he was seen on one occasion at Robinson in September 2022. Doc. 51-2, ¶17; Doc. 1, p. 7. Dr. Tran noted that Plaintiff had lost a filling in the lower right quadrant of his mouth (tooth #28), but the tooth was "restorable." *Id.*, ¶¶18-19. Dr. Tran placed a temporary filling in Plaintiff's tooth and Plaintiff "was to be placed on the operative line for a permanent filling." *Id.*, ¶20. Dr. Tran and Jill Martin "both informed Plaintiff that he "needed a filling and that this temporary filling would be put there was a temporary measure, and that I would be called back soon. Doc. 51-3, p. 18. Plaintiff was "never again scheduled on [Dr. Tran's] line at Robinson." Doc. 51-2, ¶26. Dr. Tran's last day at Robinson was April 19, 2023. *Id.*, ¶20.

From October-April 2023, Plaintiff submitted multiple requests to be seen by a dentist. Doc. 51-3, p. 20. Plaintiff submitted a grievance on April 29, 2023 "due to the temporary filling deteriorating" and "was called to the health care unit" on May 10, 2023. Doc. 1, p. 7. When Plaintiff arrived in the health care unit, "the sergeant on duty handed [Plaintiff] a packet of 600 milligram ibuprofen and told [Plaintiff] that the dentist assistant, Jill Martin, had left for the day and she advised the sergeant to give [Plaintiff] the ibuprofen." *Id*.

Dr. Deborah Overoyen (not a defendant) noted that she reviewed Plaintiff's chart on May 10, 2023. Doc. 51-2, ¶22. She noted that Plaintiff was on the operative line for a permanent filling of tooth #28 and she would see him the following week. *Id.*, ¶22. Dr. Overoyen saw Plaintiff on May 17, 2023 and noted "root canal or extraction…amoxicillin 500 mg and ibuprofen 500 mg." *Id.*, ¶23. On that date, Jill Martin told Plaintiff "that she did not know when the permanent filling would be installed and filing more grievances would only cause more delay in [Plaintiff] being treated." Doc. 1, pp. 7-8. Dr. Overoyen extracted Plaintiff's tooth #28 on June 14, 2023. *Id.*, ¶25. Before the tooth was extracted, Plaintiff was in extreme pain for months. Doc. 51-3, p. 19.

**Summary Judgment Standard**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). A claim cannot survive summary judgment without specific evidence; speculative beliefs do not create a genuine dispute for trial. *Johnson v. Accenture LLP*, 142 F. 4th 536, 544-45 (7th Cir. 2025).

**Discussion**

The Eighth Amendment "'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Brown v. Osmundson*, 38 F. 4th 545, 559-60 (7th Cir. 2022) (internal citations omitted). To succeed on his deliberate indifference claims, Plaintiff must "provide evidence, either direct or circumstantial" that shows (1) "he had an objectively serious medical need" (2) which Defendants knew of and disregarded a substantial risk of harm to Plaintiff. *Id.* at 550. Plaintiff's testimony regarding the extreme pain that he felt before his tooth was extracted is sufficient evidence for the jury to determine that he had an objectively serious medical need. However, the record

contains no direct or circumstantial evidence from which the jury could infer that Defendants knew and disregarded the extreme pain Plaintiff experienced (or was at risk of experiencing) during that time period.

Plaintiff argues that Dr. Tran was required to take reasonable measures to ensure timely care once he knew that Plaintiff "had extreme pain" and his nerve was exposed. Nothing in the record suggests that Dr. Tran-who did not regularly work at Robinson-had any reason to suspect that Plaintiff was in extreme pain after the temporary filling was placed. Plaintiff cites to his grievances as evidence that Dr. Tran was aware of Plaintiff's pain, but the grievances were submitted after April 19, 2023 (Dr. Tran's last day at Robinson). Doc. 53, p. 10-13; Doc. 1, pp. 13-15. Plaintiff also argues that Dr. Tran knew that the temporary filling would need replaced "within weeks." This argument is not supported by the record and even if it were, Dr. Tran wrote "placed on OP line" in his September 2022 note. Plaintiff testified that Dr. Tran told him he would be called back "soon" for a permanent filling; from this evidence, the jury could infer that Dr. Tran expected Plaintiff to be seen "soon" on the OP line.

Regarding Defendant Martin, Plaintiff again points to his grievances as evidence that she knew Plaintiff was in pain prior to the extraction. While Dr. Overoyen is quoted in the grievances (Doc. 1, p. 15; Doc. 53, p. 12), no evidence suggests that Defendant Martin saw the grievances. From Dr. Overoyen's quotes in the grievances and her notes in Plaintiff's dental chart, the jury could infer that once Plaintiff submitted the grievances, he was scheduled and seen three times in five weeks by Dr. Overoyen. Whether scheduled by Defendant Martin or other staff, nothing in the record suggests any delay attributable to the person who scheduled those appointments with Dr. Overoyen. Defendant Martin's uncontroverted affidavit states that she placed inmates on waiting lists to be seen by a dentist, and that inmates were generally seen by a dentist in the order that they were listed. Nothing in the record suggests that Defendant Martin had reason to place Plaintiff

higher on the waiting lists than other inmates who needed dental treatment.

Overall, Plaintiff's arguments are supported by nothing more than his speculative beliefs that Defendants knew Plaintiff was in pain prior to his tooth extraction, and/or had reason to believe that Plaintiff needed to be seen sooner than the other inmates who were already on the operative list. Without evidence to support these arguments, summary judgment must be granted in favor of Defendants.

**Conclusion**

Defendants' Motion for Summary Judgment is GRANTED. Plaintiff's Eighth Amendment claim against Defendants is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 4, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**